# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 03/29/2022 04:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
22STCV10762

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Wendy Chang

V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Carmen D. Sabater (SBN: 303546)
Cds820@gmail.com
Emily C. Barbour (SBN: 337185) Of-Counsel
ebarbour@bohmlaw.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:  323.544.6880

C. Michael Alder (SBN: 170381)
cmalder@alderlaw.com
**ALDERLAW**
12800 Riverside Drive
VALLEY Village, California 91607
Telephone:  (310) 275-9131
Facsimile:  (310) 275-9132

Attorneys for PLAINTIFFS,
ALEX HERNANDEZ, GRACIE HERNANDEZ individually, and as successors in interest to
VALERIE ESQUIVEL,

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ALEX HERNANDEZ, GRACIE HERNANDEZ individually, and as successors in interest to VALERIE ESQUIVEL, <br><br><br> vs. <br><br> VIE DE FRANCE YAMAZAKI, Inc., a Virginia Corporation; RAYMOND RODRIGUEZ, an individual, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.:   22STCV10762 <br><br> PLAINTIFFS' COMPLAINT FOR DAMAGES: <br><br> 1. WRONGFUL DEATH (Cal. Civ. Proc. Code § 377.60) <br> 2. NEGLIGENCE RESULTING IN PAIN SUFFERING, AND PHYSICAL INJURY <br> 3. NEGLIGENCE PER SE (Cal. Labor Code § 6401) <br> 4. NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION <br> 5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS <br><br> DEMAND FOR JURY TRIAL |

1

1  **COMES NOW,** PLAINTIFFS Alex Hernandez and Gracie Hernandez, individually and

2  as the heirs and successors of interest of Valerie Esquivel hereby allege causes of action against

3  DEFENDANTS VIE DE FRANCE YAMAZAKI, INC., RAYMOND RODRIGUEZ, and

4  DOES 1 through 50, inclusive and each of them, as follows:

5  **CASE SUMMARY**

6  PLAINTIFFS Alex Hernandez and Gracie Hernandez bring their actions for Wrongful

7  Death (Cal. Civ. Proc. Code § 377.60); Negligence; Negligence *per se* (Cal. Labor Code §

8  6401); Negligent Hiring, Training, Supervision and Retention; Negligent Infliction of

9  Emotional Distress and under the California Supreme Court decision, *Snyder v. Michael's

10  Stores, Inc.* (1997) 16 Cal.4th 991, for their distinct and separate damages, including, but not

11  limited to mental anguish, physical injuries, as well as pain and suffering resulting from the

12  DEFENDANTS' negligence.

13  Vie   De   France   Yamazaki   (hereinafter   "DEFENDANT   YAMAZAKI"   or

14  "YAMAZAKI") knew that COVID-19 could cause death and serious illness. Nevertheless,

15  YAMAZAKI refused to implement and enforce basic COVID-19 safety precautions at the plant

16  (i.e., screening, distancing, and sanitizing), and failed to comply with the COVID-19 safety

17  rules and guidance adopted by the State of California, including the California Department of

18  Public Health, even after an employee Pascual Alvarado Hernandez's death and subsequent

19  violations cited by Cal-OSHA.

20  As a result of YAMAZAKI's blatant disregard of COVID-19 safety rules as well as their

21  policies, practices, and omissions, Alex Hernandez contracted COVID-19 from a coworker at

22  the plant within days of attending a meeting in a room packed with up to forty (40) people,

23  some visibly coughing with COVID-19 symptoms, and with no social distancing. On March 30,

24  2020, Alex Hernandez was hospitalized with COVID-19. Alex Hernandez brought COVID-19

25  home to his family and as a result, his stepdaughter, Valerie Esquivel (hereinafter "Valerie")

26  who he raised from childhood was admitted to the same hospital as Alex Hernandez and

27  ultimately died on April 8, 2020.

28  Decedent Valerie was forty-two (42) years old at the time of her death, was not married

PLAINTIFFS' COMPLAINT FOR DAMAGES

*Alex Hernandez et al v. Vie De France Yamazaki et al.*
Case No.:

V. James DeSimone Law
AlderLaw

and had no children. Valerie, was injured in the same workplace event when her father, Mr. Hernandez was exposed to the COVID-19 virus caused by the negligence of YAMAZAKI, his employer. Both Mr. Hernandez and Valerie tested positive for the virus, and suffered injury and ultimately Valerie died as a result of COVID-19 ravaging through her body. As a result of Mr. Hernandez's workplace injury, PLAINTIFFS suffered the loss of their beloved daughter Valerie who always lived with her parents.

YAMAZAKI took no steps to protect Alex Hernandez's family from "take home" exposure to COVID-19. Alex Hernandez continues to suffer from long-haul, debilitating symptoms as a result of his battle with COVID-19, including, but not limited to; brain fog, shortness of breath, fatigue, and joint or muscle pain. Alex Hernandez was looking forward to working a few more years, then retiring to spend more time with his family, however, due to his COVID-19 long haul symptoms, he had to retire early on July 15, 2020.

## PARTIES

1.    At all relevant times to this Complaint, PLAINTIFF Alex Hernandez (hereinafter "Mr. Hernandez"), the stepfather of decedent Valerie, is and has been an individual residing in the home he shared with Gracie Hernandez, his wife and Valerie, his daughter, in Los Angeles County.

2.    At all relevant times to this Complaint, PLAINTIFF Gracie Hernandez (hereinafter "Ms. Hernandez")"), the mother of decedent Valerie, is and has been an individual residing in the home she shared with Mr. Hernandez and Valerie in Los Angeles County.

3.    PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANT YAMAZAKI is a corporation doing business in the State of California, County of Los Angeles, at all times relevant herein.

4.    PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANT RAYMOND RODRIGUEZ (hereinafter "DEFENDANT RODRIGUEZ"), is an individual residing in the state of California, Los Angeles County, at all times relevant herein.

5.    The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of DEFENDANTS DOES 1 to 50, inclusive, are unknown to

PLAINTIFFS' COMPLAINT FOR DAMAGES
*Alex Hernandez et al v. Vie De France Yamazaki et al.*
Case No.:

V. James DeSimone Law
AlderLaw

1   PLAINTIFFS at this time, who therefore sues said DEFENDANTS by such fictitious names.

2   PLAINTIFFS will amend this Complaint to show the true names, capacities, and/or

3   relationships when the same have been ascertained.

4         6.    PLAINTIFFS allege all or some of said fictitiously-named DEFENDANTS were

5   the principals, agents, joint ventures, partners, co-conspirators, employers, employees,

6   contractors, predecessors in interest and/or successors in interest to said DEFENDANTS, and

7   are responsible for the injuries and damages sustained by PLAINTIFFS, as more fully set forth

8   below, and are residents of the State of California, are doing business in California and/or

9   committed acts pursuant to which they are under the jurisdiction of the State of California,

10   and/or partners of each and the other and as such are either joint tortfeasors and/or jointly and

11   severally liable and legally responsible in some manner for the events and happenings herein,

12   and proximately caused the injuries and damages to PLAINTIFFS as set forth herein.

13         7.    At all times herein mentioned, each of the DEFENDANTS was an agent,

14   servant, partner, aider and abettor, co-conspirator and/or joint venture of each of the other

15   DEFENDANTS herein and were at all times operating and acting within the purpose and scope

16   of said agency, service, employment, partnership, conspiracy and/or joint venture and rendered

17   substantial assistance and encouragement to the other DEFENDANTS, knowing that their

18   conduct constituted a breach of duty owed to PLAINTIFFS.

19   **JURISDICTION AND VENUE**

20         8.    Jurisdiction and venue are proper in this County and District pursuant to Section

21   395(a) of the California Code of Civil Procedure in that the alleged negligent and/or wrongful

22   acts causing injury occurred in this County or were otherwise entered into in the County of Los

23   Angeles, State of California, and the residence and/or principal place of business of one or more

24   of DEFENDANTS is the County of Los Angeles as well as the amount of the claims exceeding

25   the jurisdictional minimum of this Court.

26   **FACTS PERTINENT TO ALL CAUSES OF ACTION**

27         9.    The novel Coronavirus ("COVID-19") is a deadly and dangerous virus. COVID-

28   19 is known to cause respiratory problems, and those with severe symptoms often need

*Alex Hernandez et al v. Vie De France Yamazaki et al.*
Case No.:

V. James DeSimone Law
AlderLaw

1   ventilators for survival. The virus is highly contagious and easily transmitted from person to
2   person and by contact with contaminated surfaces. On March 11, 2020, the World Health
3   Organization declared COVID-19 a global pandemic.

4        10.    On March 19, 2020, California Governor Gavin Newsom issued Executive Order
5   N-33-20 directing all individuals living in the State of California to stay home or at their place
6   of residence except as needed to maintain continuity of operations of the federal critical
7   infrastructure sectors in order to slow the rapid spread of COVID-19 within California.

8        11.    On March 19, 2020, Mr. Hernandez was a packer at the plant for DEFENDANT
9   YAMAZAKI for more than thirty-two (32) years.

10       12.    Mr. Hernandez was 67 years old when the State of California's March 19, 2020,
11  Stay at Home Order went into effect.

12       13.    PLAINTIFFS are informed and believe, and thereupon allege, that at all times
13  relevant, DEFENDANT RODRIGUEZ was the plant manager at YAMAZAKI.

14       14.    PLAINTIFFS are informed and believe, and thereupon allege, that YAMAZAKI
15  operates an individual plant, which is a distributer of baked goods, located at 3046 E. 50th Street
16  Vernon, California at all times relevant herein is an essential business and has remained open
17  throughout the pandemic.

18       15.    The Center for Disease Control (CDC) recognized the serious threat of COVID-
19  19 transmission in the workplace. It released guidance for businesses and employers to safely
20  respond to the pandemic declaring that, "Businesses and employers can prevent and slow the
21  spread of COVID-19 within the workplace. Employers should respond in a way that takes into
22  account the level of disease transmission in their communities and revise their business
23  response plans as needed." CDC recommendations to prevent and reduce COVID-19
24  transmission among employees included: actively encouraging sick employees to stay home;
25  consider conducting daily in-person or virtual health checks; identifying where and how
26  workers might be exposed to COVID-19 at work; taking immediate action if an employee is
27  suspected or confirmed to have COVID-19 by disinfecting contaminated surfaces and notifying
28  employees who have been exposed; and educating employees about steps they can take to

5

PLAINTIFFS' COMPLAINT FOR DAMAGES
*Alex Hernandez et al v. Vie De France Yamazaki et al.*                    V. James DeSimone Law
Case No.:                                                                 AlderLaw

1  protect themselves at work and at home.

2       16.    DEFENDANTS fell far short of the prescribed objectives and requirements to

3  maintain a safe and healthy workplace to protect workers from infection at the plant. The plant

4  stayed open through the pandemic without taking even the most basic precautions to protect the

5  health and safety of its employees, exposing PLAINTIFF, Mr. Hernandez, then subsequently his

6  daughter Valerie, to the virus.

7       17.    PLAINTIFFS are informed and believe, and thereupon allege, that among

8  DEFENDANTS' failure to prevent Mr. Hernandez and Valerie from being exposed included

9  DEFENDANT YAMAZAKI's failure to a hire a plant manager with the proper background,

10  training, and experience to maintain a safe and healthy workplace to protect workers, including

11  Mr. Hernandez, from the infection.

12       18.    These failures included but are not limited to: DEFENDANT YAMAZAKI'S

13  omissions in monitoring employees that displayed COVID-19 symptoms, failure to quarantine

14  employees displaying COVID-19 symptoms, failure to sanitize work areas, failure to inform

15  employees that they may have come into contact with employees who may have tested positive

16  for COVID-19, failure to send possibly infected employees home, failure to take adequate and

17  accurate temperature screenings of employees, failure to enforce social distancing policies, and

18  failure to follow all government guidelines for operating an essential business.

19       19.    Consequently, DEFENDANTS' failures and omissions exposed Mr. Hernandez

20  to the virus at work and he took the virus home to his daughter, Valerie.

21       20.    The state of California was considered a COV1D-19 hotspot, with public reports

22  estimating over 1450 cases and more than 25 deaths in Los Angeles County as of March 28,

23  2020, which was a mortality rate that was higher than what was seen in New York City.

24       21.    Public reports emphasized the heighted risks for serious illness or death in

25  certain populations, such as elderly, overweight, and Latinos if they contracted COVID-19. As

26  such, DEFENDANTS were aware of the significant risks to their employees as well as to

27  Latino, elderly men. Mr. Hernandez was concerned because he was an older Latino male, and

28  suffered from high blood pressure, which made him at heightened risk of death or severe illness

PLAINTIFFS' COMPLAINT FOR DAMAGES
*Alex Hernandez et al v. Vie De France Yamazaki et al.*
Case No.:

V. James DeSimone Law
AlderLaw

1   from COVID-19.

2       22.     At no time before March 30, of 2020 was Mr. Hernandez ill or infected with the

3   COVID-19 virus.

4       23.     Mr. Hernandez's daughter, Valerie was overweight weighing two hundred and

5   thirty-five (235) pounds at 5'2" inches tall which put her at heightened risk of death or severe

6   illness if she contracted COVID-19.

7       24.     When the State's stay at home order took effect, DEFENDANT RODRIGUEZ

8   had a meeting with up to forty employees in close proximity to notify them that they were not

9   closing   down   the   plant   as   they   were   considered   "essential   workers."   DEFENDANT

10  RODRIGUEZ issued letters to all the employees, including Mr. Hernandez saying that they

11  were essential workers in case they were stopped while coming to work.

12      25.     During this same period, Mr. Hernandez read a letter posted throughout the plant

13  saying that there were no employees that tested positive with COVID-19. This letter was untrue,

14  as when Mr. Hernandez came to work, there were employees coughing, sneezing and having

15  visible COVID-19 symptoms.

16      26.     Additionally, some employees wanted to stay home, but they felt that if they

17  stayed home, they would be terminated.

18      27.     Instead, YAMAZAKI had employees coming to work every day, where they

19  were in close proximity to other employees who shared common areas, such as the breakroom,

20  but did not regularly practice social distancing.

21      28.     Mr. Hernandez was a dedicated worker, so he continued working relying on and

22  trusting that the letter posted saying that there were no COVID-19 cases at the plant was true.

23      29.     PLAINTIFFS are informed and believe, and thereupon allege, that YAMAZAKI

24  did not follow the COVID-19 safety guidelines as they were not taking their temperatures, not

25  social distancing and allowed employees to come and stay at work coughing, sneezing and

26  having visible COVID-19 symptoms.

27      30.     PLAINTIFFS are informed and believe, and thereupon allege, that YAMAZAKI

28  was deliberately indifferent to the CDC COVID-19 guidelines by allowing employees to work

PLAINTIFFS' COMPLAINT FOR DAMAGES

*Alex Hernandez et al v. Vie De France Yamazaki et al.*                              V. James DeSimone Law
Case No.:                                                                                      AlderLaw

1  side by side, shoulder to shoulder, with visible COVID-19 symptoms which ultimately caused
2  Valerie 's death

3    31.  YAMAZAKI ignored their duty to protect their employees' health and safety.

4    32.  In or around the end of March and April 2020, when the CDC guidelines
5  regarding interactions with others were to social distance and limit the group to ten people,
6  DEFENDANT RODRIGUEZ, ignored COVID-19 safety guidelines and conducted several
7  meetings in a room with groups of 20, 30 and 40 people in close proximity with no social
8  distancing or screening employees that entered for COVID-19 symptoms.

9    33.  Employees at these meetings attended coughing and sneezing with visible signs
10  of COVID-19 and some not wearing masks.

11    34.  Mr. Hernandez was in attendance at **two of these meetings.** Within days of the
12  last meeting he attended, on March 30, 2020, Mr. Hernandez was admitted to the hospital with
13  COVID-19.

14    35.  Mr. Hernandez brough COVID-19 home to his family and Valerie became sick
15  with COVID-19 symptoms within a day of Mr. Hernandez being admitted to the hospital. The
16  day after Mr. Hernandez was admitted to the hospital, Valerie had difficulty breathing and was
17  also admitted to the same hospital and intubated.

18    36.  To date, Mr. Hernandez, still suffers serious debilitating COVID-19 symptoms
19  and continues to have long term medical symptoms related to contracting COVID-19.

20    37.  Valerie was a caring and loving part of the Hernandez family. Due to the
21  COVID-19 hospital restrictions, Ms. Hernandez was not allowed to visit Mr. Hernandez or
22  Valerie in the hospital and when Valerie ultimately succumbed to COVID-19 on April 8, 2020,
23  she died alone.

24    38.  Once Mr. Hernandez was hospitalized with COVID-19 he called DEFENDANT
25  RODRIGUEZ for the first few days, daily to confirm he was still hospitalized with COVID-19.
26  However, he became so ill that he was not able to call, so Ms. Hernandez continued to notify
27  DEFENDANT RODRIGUEZ that Mr. Hernandez was still hospitalized with COVD-19.

28    39.  PLAINTIFFS are informed and believe, and thereupon allege, that even after Mr.

Hernandez was in the hospital sick with COVID-19, YAMAZAKI did not implement adequate safety measures following COVID-19 safety guidelines. YAMAZAKI employees continued to congregate in the breakroom and work side by side with no mask while also having visible COVID-19 symptoms.

40. Sadly, Mr. Hernandez and Valerie were in adjacent rooms at the hospital and were unable to see each other. The day Mr. Hernandez was discharged is the day Valerie died.

41. Moreover, upon Mr. Hernandez's discharge from the hospital, he still suffered from difficulty breathing and had to **utilize an oxygen machine** to help him breath for approximately two months.

42. PLAINTIFFS are informed and believe, and thereupon allege, that during the time period when Mr. Hernandez contracted COVID-19, other employees at the plant were exposed and contracted COVID-19, however, DEFENDANT YAMAZAKI did not report these cases to Cal-OSHA as a workplace exposure until Cal-OSHA came to the plant.

43. PLAINTIFFS are informed and believe, and thereupon allege, that shortly after Valerie's death, there was a complaint made to Cal-OSHA regarding the COVID-19 outbreak at YAMAZAKI. Although a significant number of employees contracted COVID-19, DEFENDANT RODRIGUEZ refused to shut down.

44. PLAINTIFFS are informed and believe, and thereupon allege, that even after Cal-OSHA came to the YAMAZAKI plant regarding it not following the COVID-19 safety guidelines, DEFENDANT YAMAZAKI did not take any meaningful steps to improve COVID-19 safety at the workplace. Instead, DEFENDANT YAMAZAKI continued to refuse to implement and enforce COVID-19 safety rules and recommendations promulgated by the State of California, including the California Department of Public Health ("CDPH").

45. YAMAZAKI employees were exposed daily to COVID -19 as YAMAZAKI did not follow COVID -19 safety protocol. For instance, Mr. Hernandez worked with employees who were visibly sick with COVID-19 symptoms as he was a packer and **worked moved boxes around the plant.**

///

46.     PLAINTIFFS are informed and believe, and thereupon allege, that ultimately when Cal-OSHA cited DEFENDANT YAMAZAKI, it disregarded Cal-OSHA's findings and COVID-19 safety guidance to employees at the plant remained minimal.

47.     YAMAZAKI knowingly refused to protect their employees, including Mr. Hernandez, despite its awareness of simple COVID-19 safety protocols.

48.     Valerie's untimely death and Mr. Hernandez's debilitating COVID-19 long haul symptoms were direct and foreseeable consequences of YAMAZAKI's unlawful actions in this case.

49.     As a result of contracting COVID-19 because of DEFENDANT YAMAZKI's negligence and unlawful employment practices described above, Mr. Hernandez now suffers long-term debilitating physical and psychological symptoms. Mr. Hernandez's symptoms include brain fog, shortness of breath, fatigue, and joint or muscle pain.

50.     Because of DEFENDANT YAMAZAKI's negligence and unlawful employment practices described above, Valerie never came home from the hospital. Due to the severity of her illness, she was intubated. Valerie who loved being around her family died alone on April 8, 2020.

51.     As a result of DEFENDANT YAMAZAKI's actions and omissions, the Hernandez family has lost: medical and funeral expenses.

52.     The Hernandez family suffered mental anguish, physical injury, pain, and suffering as well as the loss of Valarie's care, protection, guidance, advice, training and nurturing, love, society, and companionship.

///

///

///

PLAINTIFFS' COMPLAINT FOR DAMAGES

*Alex Hernandez et al v. Vie De France Yamazaki et al.*
Case No.:

V. James DeSimone Law
AlderLaw

**FIRST CAUSE OF ACTION**

**WRONGFUL DEATH (Cal. Civ. Proc. Code § 377.60)**

**(Plaintiffs Against YAMAZAKI)**

53.     PLAINTIFFS re-allege the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

54.     PLAINTIFFS Mr. and Ms. Hernandez, parents of Mr. Valerie, the decedent, assert a wrongful death action against all DEFENDANTS pursuant to C.C.P. §§ 377.60 et seq. This claim is based upon the fact that DEFENDANT YAMAZAKI's intentional, negligent, reckless, and wrongful acts and omissions in response to maintaining a safe and healthy work environment for its employees, were a direct and legal cause of Valerie's death and the resulting damages to PLAINTIFFS Mr. and Ms. Hernandez.  As a result of its conduct by and through its management and supervisory employees, including DEFENDANT RODRIGUEZ, DEFENDANT YAMAZAKI is liable for PLAINTIFFS' injuries, either because they were an integral participant in the wrongful conduct, or because they failed to intervene to prevent these violations.

55.     As Mr. Hernandez's employer, DEFENDANT YAMAZAKI and its management and supervisory employees, including DEFENDANT RODRIGUEZ, owed a duty to use due care in and do whatever is reasonably necessary to protect the life, safety, and health of its employees.

56.     Mr. Hernandez was repeatedly subjected to an unsafe and unhealthy environment, in particular, having him attend meetings in a room with up to forty people with no social distancing and with employees visibly sick with COVID-19 symptoms. DEFENDANT YAMAZAKI, by and through its management and supervisory employees, including DEFENDANT RODRIGUEZ, placed Mr. Hernandez at heightened risk of severe illness or death from COVID-19 and needed to adhere to COVID-19 safety protocol.

57.     DEFENDANT YAMAZAKI, by and through its management and supervisory employees, including DEFENDANT RODRIGUEZ, breached their duty of care ignoring COVID-19 safety protocol, despite knowing they were putting employees' health and safety at

1  risk.

2      58.    In choosing to ignore COVID-19 safety protocol, DEFENDANT YAMAZAKI,

3  by and through its management and supervisory employees, including DEFENDANT

4  RODRIGUEZ, acted in a manner that was an extreme departure from what a reasonably careful

5  person would do under the circumstances given they knowingly were putting employees' health

6  and safety at risk of severe illness and death.

7      59.    DEFENDANT YAMAZAKI's breach of its duty of due care towards Mr.

8  Hernandez, its thirty two year (32) dedicated employee, caused Mr. Hernandez to be exposed to,

9  and contract, COVID-19 through a coworker at the plant.

10     60.    Mr. Hernandez's exposure to COVID-19 through a coworker at the plant was

11 both a foreseeable and highly probable consequence of DEFENDANT YAMAZAKI'S failure

12 to properly adhere to COVID-19 safety protocol.

13     61.    Further, it also was widely known, reported, and understood during the COVID-

14 19 pandemic in mid-March 2020, that hospitalization, intubation, and death were foreseeable

15 results of COVID-19—particularly for older individuals, like Mr. Hernandez, with pre-existing

16 conditions, including high blood pressure, and being a Latino elderly male. Accordingly,

17 DEFENDANT YAMAZAKI, and its management and supervisory employees, including

18 DEFENDANT RODRIGUEZ, should have known and foreseen that Mr. Hernandez or a family

19 member would require hospitalization and could die because of their negligent failure to act

20 appropriately and to adhere to COVID-19 safety protocol.

21     62.    As a direct and legal result of DEFENDANT YAMAZAKI'S acts and omissions,

22 PLAINTIFFS suffered damages, including, without limitation, loss of enjoyment of life,

23 emotional distress, medical expenses, funeral and burial expenses, costs of suit, other pecuniary

24 losses not yet ascertained, the loss of Valerie's love, affection, society, and companionship.

25     63.    PLAINTIFFS seek both survival and wrongful death damages and all other

26 damages and remedies available under state law.

27 ///

28 ///

## SECOND CAUSE OF ACTION

### NEGLIGENCE RESULTING IN INJURY TO THE HERNANDEZ FAMILY

### (Plaintiffs Against YAMAZAKI)

64.     PLAINTIFFS re-allege the information set forth in the preceding paragraphs and incorporate it into this cause of action as if it was fully alleged herein.

65.     DEFENDANT YAMAZAKI, by and through its management and supervisory employees, including DEFENDANT RODRIGUEZ, knew that COVID-19 could cause death and serious illness. They were also aware that due to Mr. Hernandez's age and ethnicity, that made him highly vulnerable to serious illness or death from COVID-19.

66.     DEFENDANT YAMAZAKI, by and through its management and supervisory employees, including DEFENDANT RODRIGUEZ, owed a duty to Mr. Hernandez's family, to use due care to ensure that they did not become seriously ill through "take home" exposure to COVID-19 contracted at Mr. Hernandez's workplace.

67.     This duty encompassed but was not limited to following the rules and guidance concerning COVID-19 safety in offices and public places that were issued in 2020 by the State of California, including the Governor and CDPH.  It also required DEFENDANT YAMAZAKI, through its management and supervisory employees, including DEFENDANT RODRIGUEZ, to take additional steps to protect Ms. Hernandez from "take home" exposure in the event that Mr. Hernandez was exposed to COVID-19 at the workplace.

68.     DEFENDANT YAMAZAKI, by and through its management and supervisory employees, including DEFENDANT RODRIGUEZ, breached this duty in all of the following ways: failing to implement and enforce basic COVID-19 safety measures in at the plant, including sanitizing, screening, and physical distancing; failing to abide by the Stay at Home Order issued in early March 2020 and other applicable state rules and regulations concerning COVID-19 safety; forcing Mr. Hernandez to come to work in close proximity to other employees with who were visibly ill with COVID-19 symptoms; conducting meetings in close confinement with 20, 30 and up to 40 people, without also requiring and enforcing social distancing and screening of employees as they enter the meetings; failing to implement a policy

13

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  to protect family members from exposure to COVID-19 contracted in the workplace; and failing
2  to take steps with respect to Mr. Hernandez's family specifically after learning about Mr.
3  Hernandez's likely exposure to COVID-positive coworkers at the plant.

4      69.    Indeed, DEFENDANT YAMAZAKI'S noncompliance with the applicable
5  workplace safety standards following the March 2020 Stay at Home Order constituted an
6  extreme departure from what a reasonably careful person would do in the same circumstances to
7  prevent harm to the Hernandez family and vulnerable members of other employees' households.

8      70.    DEFENDANT YAMAZAKI, by and through its management and supervisory
9  employees, including DEFENDANT RODRIGUEZ, breached their duty of due care towards
10  the Hernandez family, the spouse and daughter of its employee, thereby causing Valerie to
11  contract COVID-19 through Mr. Hernandez.

12     71.    Ms. Hernandez sustained her own injuries and damages, independent from those
13  suffered by Mr. Hernandez, from her exposure to the COVID-19 virus, that Mr. Hernandez
14  brought home from the plant which ultimately caused the death of her daughter.

15     72.    Valerie contracted COVID-19 from contact with and proximity to Mr.
16  Hernandez, who was merely a conduit of the virus. Indeed, one of Mr. Hernandez's worst fears
17  was that he would be a source of "take home" exposure for his family without becoming
18  seriously ill himself.

19     73.    Had DEFENDANT YAMAZAKI, by and through its management and
20  supervisory employees, including DEFENDANT RODRIGUEZ, not breached its duty of acting
21  with due care for the Hernandez family, they would not have been exposed to the COVID-19
22  virus through contact with and proximity to Mr. Hernandez.

23     74.    Further, Mr. Hernandez's illness and long-term symptoms from being exposed to
24  COVID-19 following his exposure to a symptomatic individual with COVID-19 at the plant
25  was not only a foreseeable consequence but also a highly probable consequence of
26  DEFENDANT YAMAZAKI'S breach of its duty of due care for the Hernandez family.

27     75.    Further, it was widely known, reported, and understood during the COVID-19
28  pandemic in mid-March 2020, that severe illness and hospitalization, intubation, and death were

14
PLAINTIFFS' COMPLAINT FOR DAMAGES
*Alex Hernandez et al v. Vie De France Yamazaki et al.*                    V. James DeSimone Law
Case No.:                                                                  AlderLaw

1  foreseeable results of COVID-19—particularly for individuals, like the Mr. Hernandez who was

2  an elderly Latino male with high blood pressure and Valerie who was overweight. Accordingly,

3  DEFENDANT YAMAZAKI, through its management and supervisory employees, including

4  DEFENDANT RODRIGUEZ, should have known and foreseen that the Hernandez family

5  could become severely ill or die as a result of its breach of its duty of due care towards them.

6       76.    The negligence of DEFENDANT YAMAZAKI, by and through its management

7  and supervisory employees, including DEFENDANT RODRIGUEZ, caused Mr. Hernandez to

8  endure severe pain and suffering during his bout with and recovery from COVID-19, cost the

9  Mr. Hernandez medical expenses and his ability to maintain gainful employment as he had to

10  retire, and left Mr. Hernandez with permanent and severe physical symptoms, including brain

11  fog, shortness of breath, fatigue, and joint or muscle pain that, cumulatively, hinder his ability to

12  maintain a healthy balanced life.

13       77.    PLAINTIFFS bring this claim against DEFENDANT YAMAZAKI seeking all

14  damages available under state law, including punitive damages.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE PER SE (Cal. Labor Code § 6401)**

**(Plaintiffs Against YAMAZAKI)**

18       78.    PLAINTIFFS re-allege the information set forth in the preceding paragraphs and

19  incorporates it into this cause of action as if it was fully alleged herein.

20       79.    DEFENDANTS, and each of them, at all times mentioned, were under a

21  statutory duty to comply with California Labor Code § 6401which asserts that, "Every employer

22  shall furnish and use safety devices and safeguards, and shall adopt and use practices, means,

23  methods, operations, and processes which are reasonably adequate to render such employment

24  and place of employment safe and healthful. Every employer shall do every other thing

25  reasonably necessary to protect the life, safety, and health of employees."

26       80.    In or around March 2020, DEFENDANT YAMAZAKI violated California

27  Labor Code § 6401 through its management, supervisors, including DEFENDANT

28  RODRIGUEZ, by not doing everything reasonably necessary to protect the life, safety, and

15

1  health of its employees.

2      81.    As a direct and legal result of said violation, PLAINTIFFS suffered the harm

3  hereinabove set forth.

4      82.    In doing the wrongful and intentional act as herein alleged, DEFENDANT

5  YAMAZAKI through its management, supervisors, including DEFENDANT RODRIGUEZ,

6  acted with oppression, fraud, and malice and with conscious and willful disregard for the health,

7  safety and general welfare and rights of PLAINTIFFS. Such action was done with malice,

8  oppression and/or fraud and was and is despicable, shocking and offensive and entitles

9  PLAINTIFFS to an award of punitive damages against DEFENDANTS in an amount to be

10  determined at trial.

11                    **FOURTH CAUSE OF ACTION**

12  **NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

13            **(Plaintiffs Against YAMAZAKI and DOES 1-50)**

14      83.    PLAINTIFFS re-allege the information set forth in the preceding paragraphs and

15  incorporates it into this cause of action as if it was fully alleged herein.

16      84.    PLAINTIFFS are informed and believe, and thereon allege, that at all times

17  relevant, DEFENDANT YAMAZAKI, and DOES 1-50, owed PLAINTIFFS a duty of care not

18  to subject Mr. Hernandez to injury while he was working, including but not limited to, a duty to

19  train employees to maintain a safe and healthy workplace, a duty to provide reasonable

20  supervision of their employees, and a duty to not retain the employees charged with the

21  responsibility to maintain a safe and healthy workplace, who were on duty at the relevant time,

22  given their wrongful, dangerous, and exploitive propensities because of a lack of skill, training,

23  and experience.

24      85.    Upon information and belief, DEFENDANTYAMAZAKI and DOES 1-50, by

25  and through their agents and employees, knew, or reasonably should have known, of the

26  propensities of their employees for wrongful, dangerous, and exploitive conduct, and/or acts

27  and/or omissions done in conscious disregard of the rights and safety of workers at the plant, if

28  not property trained or supervised, or retained.

86.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT YAMAZAKI breached their duty of care by, among other things, poorly and improperly training employees on screening employees for COVID-19 symptoms, and on following government guidelines for essential businesses, including but not limited to social distancing and sanitizing work areas. Also, Plaintiff is informed and believes that DEFENDANTS' employees lacked sufficient training to be entrusted with the duties to reasonably maintain workplace safety, including but not limited to, sending home employees with COVID-19 symptoms, and knew or in the exercise of due care reasonably should have known that entrusting poorly and or improperly trained employees to perform such duties was substantially certain to result in serious and substantial injury to employees and their families, including Mr. Hernandez and Valerie.

87.     DEFENDANT YAMAZAKI and DOES 1-50 negligently retained and/or failed to supervise those employees in a position of trust and authority at the plant, by among other things, failing to properly screen employees, failing to send employees home, failing to train employees on COVID-19 safety protocol, including proper social distancing, thereby allowing their employees to commit the wrongful acts complained of herein against PLAINTIFFS.

88.     DEFENDANT YAMAZAKI and DOES 1-50 engaged in the acts alleged herein and/or condoned, authorized, directed, approved, and/or ratified the conduct of their employees and are therefore vicariously liable for the wrongful conduct thereof.

89.     At all times mentioned herein, the employees in doing the acts herein described and referred to were acting within the course and scope of their authority as agents, employees and representatives, and/or in the transaction of the business of the employment, agency or representation. As such, DEFENDANT YAMAZAKI and DOES 1-50 are liable to PLAINTIFFS for the acts and/or omissions of their employees, as heretofore alleged.

90.     As a direct, proximate, and legal result of DEFENDANT YAMAZKI's breaches of their duties of care and the wrongful conduct and omissions of DEFENDANTS, and each of them, and by reason of said injuries caused by the same, PLAINTIFFS have incurred medical and related expenses in the past, and in the future will require further additional medical and

1  related expenses and other special damages in a sum to be proven at the time of trial.

2        91.    As a direct, proximate, and legal result of DEFENDANT YAMAZAKI's

3  breaches of their duties of care and the wrongful conduct and omissions of DEFENDANTS, and

4  each of them, and by reason of said injuries caused by the same, PLAINTIFFS have

5  experienced in the past, and in the future will experience, pain and suffering and other general

6  damages. By reason of said injuries and consequences, PLAINTIFFS have sustained in the past

7  and will sustain in the future, pain and suffering and other general damages in a sum to be

8  proven at the time of trial.

9  **FIFTH CAUSE OF ACTION**

10  **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

11  **(Plaintiffs Against All Defendants)**

12        92.    PLAINTIFFS re-allege the information set forth in the preceding paragraphs and

13  incorporates it into this cause of action as if it was fully alleged herein

14        93.    DEFENDANTS, by and through its management and supervisory employees,

15  including DEFENDANT RODRIGUEZ, knew that COVID-19 could cause death and serious

16  illness.

17        94.    DEFENDANTS, as Mr. Hernandez's employer, owed a duty to him and his

18  family, to use due care to ensure that they did not unnecessarily experience severe emotional

19  distress as a result of the actions of DEFENDANTS and its management and supervisory

20  employees, including DEFENDANT RODRIGUEZ.

21        95.    This duty encompassed but was not limited to following the rules and guidance

22  concerning COVID-19 safety in offices and public places that were issued in March 2020 by the

23  State of California, including the Governor and CDPH.  It also required DEFENDANTS and its

24  management and supervisory employees, including DEFENDANT RODRIGUEZ, to take

25  additional steps to protect Mr. Hernandez's family in the event that Mr. Hernandez was exposed

26  to COVID-19 at the workplace.

27        96.    DEFENDANTS breached this duty in all of the following ways:  failing to

28  implement and enforce basic COVID-19 safety measures in at the plant, including screening,

18

1   and physical distancing; failing to abide by the Stay at Home Order issued in early March 2020
2   and other applicable state rules and regulations concerning COVID-19 safety; forcing Mr.
3   Hernandez to come to work in close proximity to other employees who were visibly ill with
4   COVID-19 symptoms; conducting meetings in close confinement with 20, 30 and up to 40
5   people, without also requiring and enforcing social distancing and screening of employees as
6   they enter the meetings; failing to implement a policy to protect family members from exposure
7   to COVID-19 contracted in the workplace; and failing to take steps with respect to Mr.
8   Hernandez's family specifically after learning about Mr. Hernandez's likely exposure to
9   COVID-positive coworkers at the plant.

10       97.     Indeed, DEFENDANTS noncompliance with the applicable workplace safety
11   standards following the March, 2020 Stay at Home Order constituted an extreme departure from
12   what a reasonably careful person would do in the same circumstances to prevent the Hernandez
13   family from experiencing severe emotional distress.

14       98.     DEFENDANTS breach of its duty of due care towards the Hernandez family
15   caused them to live in fear for Mr. Hernandez and for themselves between the start of the
16   COVID-19 pandemic up to when Mr. Hernandez contracted COVID-19 and given Mr.
17   Hernandez's high blood pressure and Valerie's pre-existing conditions, always worried them
18   that they would become seriously ill or die as a result of DEFENDANTS' intentional refusal to
19   protect the Hernandez family's wellbeing.  It also caused them to endure the trauma of watching
20   Valerie become sick, hospitalized, and intubated and ultimately die alone. The trauma is and
21   was heightened because Mr. Hernandez's and Valerie's hospitalization occurred during the
22   same period, yet they were both suffering from severe COVID-19 alone.

23       99.     The Hernandez family's severe emotional distress inflicted through
24   DEFENDANTS' carelessness and negligence, and the carelessness and negligence of its
25   management and supervisory employees, including DEFENDANT RODRIGUEZ, was and is
26   independent from the physical injuries and emotional distress suffered by Valerie. The
27   Hernandez family experienced emotional distress every day knowing that Mr. Hernandez was
28   working in conditions that were not merely unsafe but, in fact, deadly to their family, even

PLAINTIFFS' COMPLAINT FOR DAMAGES

*Alex Hernandez et al v. Vie De France Yamazaki et al.*                      V. James DeSimone Law
Case No.:                                                                                    AlderLaw

1   before Mr. Hernandez became ill with COVID-19.  This emotional distress was heightened into

2   actual trauma when Mr. Hernandez was suddenly hospitalized for COVID-19 and then Valerie

3   fell ill shortly thereafter.

4        100.   The long-term psychological effects of the trauma the Hernandez family endured

5   because of DEFENDANTS carelessness and negligence may be permanent and hinder their

6   ability to maintain a balanced life.

7        101.   For the Hernandez family, the time period of Mr. Hernandez and Valerie's

8   hospitalization will always be a time of pain and grief because of what they endured as a result

9   of the recklessness of DEFENDANTS and its management and supervisory employees,

10  including DEFENDANT RODRIGUEZ.  They must go through life knowing that Valerie died

11  an unnecessary and untimely death, and, but for the extreme carelessness of DEFENDANTS, by

12  and through its management and supervisory employees, including DEFENDANT

13  RODRIGUEZ, she most likely would have lived to enjoy significant moments in their life, such

14  as attending family gatherings, vacations, attending church, caring for the children during

15  church services as an assistant Sunday school teacher, missing the birth of her nephew and

16  volunteering at the Women's Club in Pasadena serving lunches.

17       102.   Had DEFENDANTS, by and through its management and supervisory

18  employees, including DEFENDANT RODRIGUEZ, not breached its duty of acting with due

19  care for the Hernandez family, they would not have lived with near constant fear and anxiety of

20  Mr. Hernandez and the family contracting COVID, then Mr. Hernandez and Valerie being

21  hospitalized, and for Mr. and Ms. Hernandez, having their selfless, caring, loving daughter die a

22  senseless death.

23       103.   Further, the Hernandez family's fear, emotional distress, and trauma was not

24  only a foreseeable consequence but also a highly probable consequence of DEFENDANTS

25  breach of their duty of due care for the Hernandez family. DEFENDANTS' conduct as

26  described above was done in a careless or negligent manner, without consideration for the effect

27  of such conduct upon PLAINTIFFS, the Hernandez family's emotional well-being.

28       104.   As a result of its conduct, DEFENDANTS are liable for the negligent infliction

*Alex Hernandez et al v. Vie De France Yamazaki et al.*
Case No.:

V. James DeSimone Law
AlderLaw

1  of emotional distress on the Hernandez family because it was, by and through its management
2  and supervisory employees, including DEFENDANT RODRIGUEZ, an integral participant in
3  compelling Mr. Hernandez to work in conditions that posed a known and constant threat to both
4  Mr. Hernandez and his family, because it failed to intervene to prevent or remedy these unsafe
5  conditions, and/or pursuant to the doctrine of respondeat superior.

6      105.    PLAINTIFFS are informed and believe, and thereon allege, that the
7  DEFENDANTS, by engaging in the aforementioned acts and/or in authorizing and/or ratifying
8  such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and
9  acted with willful and conscious disregard of the rights, welfare, and safety of PLAINTIFFS
10 thereby justifying the award of exemplary damages and punitive damages against
11 DEFENDANTS in an amount to be determined at trial.

12 ///
13 ///
14 ///

PLAINTIFFS' COMPLAINT FOR DAMAGES
*Alex Hernandez et al v. Vie De France Yamazaki et al.*
Case No.:

V. James DeSimone Law
AlderLaw

**PRAYER FOR RELIEF**

WHEREFORE, **PLAINTIFFS** pray that Judgment be entered in their favor and against DEFENDANTS, and each of them, as follows, for:

1.     All special damages, according to proof;

2.     General damages for emotional distress and mental anguish in a sum according to proof;

3.     Exemplary and punitive damages in a sum appropriate to punish Defendants and set an example for others;

4.     Injunctive relief regarding COVID-19 policies and procedures regarding disabled employees' accommodations;

5.     For prejudgment interest at the prevailing legal rate; and

6.     Such other and further relief as this Court may deem just and proper.

Date: March 29, 2022

**V. JAMES DESIMONE LAW**
**ALDERLAW**

By: _____

V. JAMES DESIMONE, ESQ.
CARMEN D. SABATER, ESQ.
EMILY C. BARBOUR, ESQ.
C. MICHAEL ALDER, ESQ.

Attorneys for Plaintiffs,
ALEX HERNANDEZ, and GRACIE
HERNANDEZ

1

2
## DEMAND FOR JURY TRIAL

3
    PLAINTIFFS ALEX HERNANDEZ, and GRACIE HERNANDEZ hereby demand a

trial by jury on all claims.

4

5
Date: March 29, 2022

6
                             **V. JAMES DESIMONE LAW**

                             **ALDERLAW**

7

8
                             By: _____

9
                               V. JAMES DESIMONE, ESQ.

                               CARMEN D. SABATER, ESQ.

10
                               EMILY C. BARBOUR, ESQ.

                               C. MICHAEL ALDER, ESQ.

11

12
                               Attorneys for Plaintiffs,

                               ALEX HERNANDEZ AND

13
                               GRACIE HERNANDEZ

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

PLAINTIFFS' COMPLAINT FOR DAMAGES