JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:22-cv-03798-AB (PVCx);<br>2:22-cv-03796-AB (PVCx) | Date: | September 1, 2022 |
| Title: | *Maria Martha Alvarado* et al. v. *Vie De France Yamazaki, Inc.* et al.; *Alex Hernandez* et al. v. *Vie De France Yamazaki, Inc.,* et al. | | |

Present: The Honorable   **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER GRANTING MOTIONS TO REMAND AND REMANDING TWO ACTIONS TO STATE COURT**

Before the Court are two motions (the "Motions"), involving some of the same defendants and turning on some of the same issues. Large portions of Plaintiffs' papers are identical, and Defendant filed a single response in both actions. For these reasons, the Court addresses both motions by way of a single order.

The first motion is the Motion to Remand Action to State Court ("Alvarado Mot."), (22-03798, Dkt. No. 17) filed by Plaintiffs Maria Martha Alvarado, Ana Cecilia Alvarado, and Bryan Alvarado ("Alvarado Plaintiffs"), in response to Defendant Vie De France Yamazaki, Inc. ("Yamazaki, Inc.")'s Notice of Removal ("Alvarado Notice"), (22-03798, Dkt. No. 1). The second motion is the Motion to Remand Action to State Court ("Hernandez Mot."), (22-03796, Dkt. No. 16), filed by Plaintiffs Alex Hernandez and Gracie Hernandez ("Hernandez Plaintiffs"), in response to Yamazaki, Inc.'s Notice of Removal (22-03796, Dkt. No. 1.) Yamazaki, Inc. filed a single Opposition ("Opp'n," 22-03798, Dkt. No. 22; 22-

03798, Dkt. No. 21)[1] against both motions. The Alvarado Plaintiffs filed a Reply, ("Alvarado Reply" 22-03798, Dkt. No. 26), as did the Hernandez Plaintiffs ("Alvarado Reply" 22-03796, Dkt. No. 25). The Court deems these matters fit for decision without oral argument.

For the following reasons, the Court now **GRANTS** these Motions and **REMANDS** both actions back to state court.

## I.  BACKGROUND

These actions involve some similar factual allegations, and echoes two cases this Court recently remanded in which Yamazaki, Inc. is a party. *See Natalie Guillen v. Vie De France Yamazaki, Inc.*, et al., 2:22-cv-02491-AB (PVCx); *Pineda* et al. *v. Vie De France Yamazaki, Inc.* at al., 2:22-cv-02492-AB (PVCx). In the instant cases, an employee of Yamazaki, Inc.'s plant in Vernon, California contracted COVID-19 after the plant manager, Raymond Rodriguez ("Rodriguez"), held several large, in-person meetings where social distancing was not possible. Alvarado Mot. at 2-3; Hernandez Mot. at 3-4. Plaintiffs allege that the employee transmitted the virus to their family members.

Both actions were originally filed by the plaintiffs in Los Angeles Superior Court and were removed to this Court by Yamazaki, Inc., on the basis of diversity jurisdiction. *See* Alvarado Notice, at ¶ 1; Hernandez Notice, at ¶ 1. The Alvarado and Hernandez Plaintiffs filed the instant Motions, arguing that these actions should be remanded because Rodriguez is an in-forum defendant whose presence in these actions destroys complete diversity.

Since filing the Motions, Plaintiffs have filed Second Amended Complaints in their respective actions. *See* 22-03796, Dkt. No. 21; 22-03798, Dkt. No. 20. The Court will not consider the allegations in Second Amended Complaints, "because a motion to remand considers the complaint as of the date of removal." *Valdez v. Johnson & Johnson Consumer, Inc.*, No. 3:21-cv-00873-BEN-DEB, 2021 WL 2982913, at *6 (S.D. Cal. Jul. 15, 2021) (citing *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006).

//

---

[1] Yamazaki, Inc. filed an identical Request for Judicial Notice in both cases. *See* 22-03796, Dkt. No. 22; 22-03798, Dkt. No. 23. The Request is granted, and the Court may consider the Complaints filed.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441(a) and (b), a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

## III. DISCUSSION

The issue in both Motions is whether Rodriguez was fraudulently joined to destroy complete diversity between the parties. "There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional fact, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). However, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (cleaned up). A mere possibility "that a state court would find the complaint states a cause of action against any of the resident defendants" is

sufficient to justify remand.  *See id.* (quoting *Hunter*, 582 F.3d at 1046). Moreover, "[t]he defendant maintains the burden of showing 'by clear and convincing evidence' that the plaintiff does not have a colorable claim against the alleged sham defendant."  *Veliz v. AT&T Mobility Services, LLC*, No. , 2022 WL 1746575, at *2 (C.D. Cal. May 27, 2022) (citing *Hamilton Materials Inc. v. Dow Chem Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

The question before the Court, then, is whether Yamazaki, Inc. has demonstrated by clear and convincing evidence that the plaintiffs in these actions have cannot meet the very low threshold of "possibility," in stating causes of action against Rodriguez in their complaints.  The Court holds that Yamazaki, Inc. has not met its burden.

### A. California Workers' Compensation Act

Yamazaki, Inc. argues against both sets of Plaintiffs that they cannot establish liability for the sole causes of action brought against Rodriguez, negligent infliction of emotional distress.  Alvarado Notice ¶ 24; Hernandez Notice, ¶ 25. Yamazaki, Inc. contends that Rodriguez is a sham defendant because "the California Workers' Compensation Act ("CWCA") provides the exclusive remedy for injuries arising within the course of employment," and that "[i]n circumstances where family members suffer emotional injury as a result of an employee's injury in the course and scope of employment . . . any recovery is also subject to the worker's compensation exclusive remedy."  Alvarado Notice, ¶¶ 26-27; Hernandez Notice, ¶¶ 27-30.

The Hernandez Plaintiffs argue that a state court could find that the "derivative injury doctrine," which precludes third party claims deemed collateral or derivative to an employee's injury, "does not preclude a third party's claims for his or her own injury that is the result of the employee's work-related COVID-19 infection." Hernandez Mot. at 9.

In support of this argument, the Hernandez Plaintiffs cite *See's Candies, Inc. v. Super. Ct. of Cal. For Cnty of Los Angeles*, 73 Cal. App. 5th 66 (2021), in which the California Court of Appeal found that the CWCA did not prevent an employee from suing her employer for injuries arising from injuries the employer inflicted on the employee's spouse.  *Id.* at 90-91.  In *See's Candies*, Mrs. Ek was an employee, who contracted and transmitted COVID-19 to her husband, Mr. Ek.  *Id.* at 72.  Mr. Ek died a month later.  *Id.*  Mrs. Ek and her daughter asserted claims for general negligence and premises liability.  *Id.* at 75.  The trial court found,

and the appellate court confirmed, that these causes of action were not derivative of Mrs. Ek's workplace injury – and thereby not barred by the CWCA – because derivative injuries do not include "separate physical injuries suffered by nonemployees, even when . . . an employee's injury was part of the causal chain leading to those injuries." *Id.* at 88.

The Hernandez Plaintiffs allege that Rodriguez caused Mr. Hernandez to work in conditions that caused him to contract COVID-19. Hernandez Notice, Decl. of William A. Bogdan, Ex. B ("Hernandez FAC") at ¶¶ 26-34. This allegedly caused Gracie and Valerie Hernandez to contract COVID-19, and as a result, Valerie Hernandez passed away. *Id.* at ¶¶ 35-39. In light of *See's Candies*, the Court finds it is *possible* that Valerie Hernandez's injuries are not derivative of Mr. Hernandez's workplace injury. It is therefore *possible* that the CWCA does not bar the Hernandez Plaintiffs from suing individually or as successors in interest for injuries arising from Valerie Hernandez's injuries. Accordingly, Yamazaki, Inc. has failed to carry its burden with respect to its CWCA argument.

The same reasoning applies to the Alvarado Plaintiffs. The Alvarado Plaintiffs allege that Rodriguez caused Mr. Alvarado to work in conditions that caused him to contract COVID-19. Alvarado Notice, Decl. of William A. Bogdan, Ex. B ("Alvarado FAC") at ¶¶ 24-25. This allegedly caused his family, the Alvarado Plaintiffs, to contract COVID-19. *Id.* at ¶¶ 44-46. As a result, Mr. Alvarado was emotionally injured when he witnessed his family suffer the effects of COVID-19. *Id.* at ¶¶ 149-151. The Alvarado Plaintiffs are suing as successors of interest, meaning they are stepping into the decedent's shoes to pursue the cause of action. *See Estate of Elkins v. Pelayo*, No. 1:13-cv-1483 AWI SAB, 2020 WL 2571387, at *7 (E.D. Cal. May 21, 2020). If Mr. Alvarado had survived, under the reasoning in *See's Candies*, it is possible the CWCA would not prevent him from suing Yamazaki, Inc. for injuries arising from the separate injuries his family suffered by way of his unsafe conditions.

Furthermore, the Alvarado Plaintiffs contend that Mr. Alvarado had a disability, and that Rodriguez refused to accommodate that disability. Alvarado FAC, at ¶¶ 22, 25. This is identical to the argument this Court previously sustained against Yamazaki, Inc. *See Natalie Guillen v. Vie De France Yamazaki, Inc.* et al., No. 2:22-cv-02491-AB (PVCx), Dkt. No. 53, at 6. Consistent with this Court's prior ruling, the Court finds that these facts, taken as true, could constitute a FEHA violation that falls outside the CWCA's scope, meaning it is possible that it is not subject to the CWCA. "In other words, it is *possible* that [the Alvarado Plaintiffs have] stated a cause of action against Rodriguez." *Id.* at 6-7.

### B. Managerial Privilege

Yamazaki, Inc. further argues that Plaintiffs cannot state a cause of action against Rodriguez because he is "immunized" for actions taken within his managerial discretion.  Opp'n at 7.  In other words, Yamazaki, Inc. argues that Rodriguez is shielded by a managerial privilege.  Without deciding the merits of this argument, the Court finds that Yamazaki, Inc. has not shown by clear and convincing evidence that any privilege would prevent Plaintiffs from stating a cause of action.

"Under California law, the managerial privilege shields a managerial employee from liability when the employee acts to further the interests of his or her employer."  *De La Rosa v. U.S. Goods, Inc.*, No. EDCV 18-00987-CJC (SHKx), 2018 WL 3203091, at *2 (C.D. Cal. Jun. 29, 2018) (citing *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 326 (9th Cir. 1982).  However, "it is far from clear under California law whether the managerial privilege is an affirmative defense or part of the plaintiff's cause of action."  *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1180 (N.D. Cal. 2003); *see also Aalgaard v. Merch. Nat. Bank, Inc.*, 224 Cal. App. 3d 674, 683 (1990) ("privilege, is an affirmative defense, not an element of plaintiff's cause of action"); California Jury Instruction CA BAJI 12.70 ("The essential elements of this claim are: 1. The defendant engaged in outrageous, [unprivileged] conduct").  "What is clear . . . is that the question of the privilege as well as the claim itself is bound up in the conduct of the defendant and is thoroughly fact intensive."  *Id.*

Because "district courts must resolve all ambiguities in the controlling state law in favor of the non-removing party when evaluating fraudulent joinder," *id.* at 1181, the Court finds it is possible that Plaintiffs do not need to clear the managerial privilege hurdle in order to state a cause of action against Rodriguez, even when it is based on conduct that could be characterized as personnel management. Accordingly, Yamazaki, Inc. has failed to show by clear and convincing evidence that Plaintiffs do not have a colorable cause of action.

### C. Failure to State a Cause of Action

Having established that there is a possibility that the CWCA and managerial privilege will not bar Plaintiffs claims, the question remains whether Yamazaki, Inc. has shown that it is impossible for a state court to find that Plaintiffs have stated a cause of action.  As explained above, the Court finds that it is possible for a court to find that the Alvarado Plaintiffs have stated a cause of action in light of

their FEHA allegations.  *See supra* III.A.   The more difficult question is whether it is possible for a court to find that the Hernandez Plaintiffs stated a cause of action.

The Court finds it is *possible* that Plaintiffs have stated a cause of action for negligent infliction of emotion to distress, and that Yamazaki, Inc. has not met its burden of showing by clear and convincing evidence that Plaintiffs do not have a colorable cause of action.   Yamazaki, Inc. correctly points out that "a family claimant must have been present at the scene of the injury-producing event at the time it occurred and aware that it was causing injury to state a claim."   *Thing v. La Chusa*, 48 Cal. 3d 644, 647 (1989).   The fact that the injury develops after the injury causing event will not necessarily bar a claim for emotional distress.   *See Ochoa v. Super. Ct.*, 39 Cal. 3d 159, 168 (1985) (finding that the "sudden occurrence" requirement "arbitrarily limits liability when there is a high degree of foreseeability of shock to the plaintiff and the shock flows from an abnormal event.").

The Hernandez Plaintiffs allege that Mr. Hernandez witnessed Rodriguez conducting in-person meetings in enclosed spaces, without social distancing measures.   Hernandez FAC, at ¶¶ 32-34.   They further allege that Mr. Hernandez contracted COVID-19 and passed the illness to his stepdaughter.   *Id.* at ¶ 35.   Assuming as true that Valerie Hernandez was hospitalized within days of Mr. Hernandez, in the room adjacent to his, and that Mr. Hernandez used a telephone during those days, it can be inferred that Mr. Hernandez was informed of and aware that Valerie was being injured by the disease he passed on.   *Id.* at ¶¶ 35-39.   California follows a rule of liberal construction when considering a demurrer for failure to state a claim.   *See Perez v. Golden Empire Transit Dist.*, 209 Cal. App. 4th 1228, 1238 (2012) (California's "rule of liberal construction means that the reviewing court draws inferences favorable to the plaintiff, not the defendant.").   Given that standard, the Court finds it is *possible* a state court finds the Hernandez Plaintiffs stated a cause of action.

Moreover, Yamazaki, Inc. has failed to meet its burden of showing that plaintiff does not have a colorable claim against Rodriguez.   Yamazaki, Inc. contends that Plaintiff's emotional distress cause of action must fail because "[a]ctions taken in the course and scope of employment and within managerial discretion cannot be used as a basis to claim emotional distress against an individual supervisor."   Hernandez Notice at ¶ 32.   Citing *Janken v. GM Hughes Elec.*, 46 Cal. App. 4th 55 (1996), Yamazaki, Inc. asserts that "the *Janken* court held that claims of emotional distress arising from managerial decision are barred regardless of the

allegation that those practices were committed in violation of discrimination statutes." Opp'n at 9. That is not what *Janken* held. Rather, the court in *Janken* held that actions amounting "personnel management activity" will not satisfy the "outrageous conduct" requirement of an intentional infliction of emotional distress claim. *Janken*, 46 Cal. App. 4th at 80. *Janken* did not create a categorical bar against emotional distress claims, negligent or intentional.

Yamazaki, Inc. also argues that Rodriguez did not owe a duty of care to employees' family members, citing cases where courts have found that employers do not owe a duty to strangers who contract COVID-19. Opp'n at 4. However, the Ninth Circuit has specifically certified this question to the California Supreme Court. *Kuciemba v. Victory Woodworks, Inc.*, 31 F.4th 1268, 1270 (9th Cir. 2022). Because this is an open question of law, the Court finds that it is *possible* that a state court could find that employers "owe a duty to the households of its employees to exercise ordinary care to prevent the spread of COVID-19." *Id.*

## IV.   CONCLUSION

For the forgoing reasons, the Court **GRANTS** the Motions and **REMANDS** both actions to state court. Both cases are now **CLOSED**.

   **IT IS SO ORDERED**.